## APPEAL OF GIDEON N. STIEFF ET AL., EXECUTORS ESTATE OF CHARLES C. STIEFF, DECEASED.

Docket No. 2658. Submitted July 6, 1925. Decided October 30, 1925.

    1. Where a taxpayer makes his return upon a cash receipts and disbursements basis and contracts in 1919 for the sale of real estate with a payment down at the time the contract is executed and the balance of the purchase price to be received in 1920 when the deed is delivered, and the transaction is so executed in 1920, *held*, for the purpose of determining a gain or loss, that the sale was made in 1920 and not in 1919.

    2. Where a taxpayer is sole trustee of an estate in which he holds the beneficial interest for life, with remainder to his daughter, and makes a gift to his daughter of the income from the trust during each year of his life, *held*, that the income of the trust is taxable to him as his distributive share of the trust under section 219 of the Revenue Act of 1918 and the Revenue Act of 1921.

*Harry A. Baetfer, Esq.*, for the taxpayer.
*E. C. Lake, Esq.*, for the Commissioner.

### Before MARQUETTE AND MORRIS.

    This appeal is from the determination of deficiencies in income taxes for the years 1920 to May 26, 1923, inclusive, in the aggregate amount of $34,226.69, and an overassessment for 1919 of $3,707.41, with a resulting net deficiency of $30,519.28.

## FINDINGS OF FACT.

The taxpayer, Charles C. Stieff, died on May 26, 1923, a resident of Baltimore.

Under date of November 11, 1919, the taxpayer entered into a written contract for the sale of certain real estate situated in Baltimore. Two thousand five hundred dollars was paid to him in cash on the signing of the contract and the balance was payable on April 11, 1920, in the amount of $47,500 in cash and $50,000 by two mortgage notes. The contract provided for the delivery of a deed upon performance on April 11, 1920. The contract was carried out in accordance with its provisions. The Commissioner treated the gain from the sale as income of 1920. The taxpayer made his returns on a cash receipts and disbursements basis.

Under the terms of his father's will the taxpayer was trustee for himself for life with remainder over to his daughter. The trust estate consisted largely of real estate.

The taxpayer gave the income from his life interest in the trust estate to his daughter and she reported the same as her income in her tax returns for the years 1919 on, to May 26, 1923, the date of the taxpayer's decease. There was no conveyance from the taxpayer to his daughter of the life interest, nor was there other written evidence of the transfer. The Commissioner included the income from the life interest within the income of the taxpayer.

The Commissioner determined deficiencies in tax as follows:

|  | Deficiency | Overassessment |
|---|---|---|
| 1919 | | $3,707.41 |
| 1920 | $29,814.93 | |
| 1921 | 675.20 | |
| 1922 | 3,206.56 | |
| 1923 | 530.00 | |
| Total | 34,226.69 | 3,707.41 |

## DECISION.

The determination of the Commissioner is approved.

## OPINION.

MARQUETTE: Three questions were presented by the petition in this appeal. We have covered two of these questions in our findings. The third question related to the March 1, 1913, value of certain real estate (other than that involved in the transaction re-

ported in our findings) and the determination of the gain realized from the sale thereof by the taxpayer in 1920. The Commissioner's answer denied all allegations of the petition bearing upon that question and, as no evidence whatever was introduced at the hearing, we find no justification for disturbing the Commissioner's determination on that question.

With reference to the matter of the real estate sale, contract for which was executed in 1919 and the purchase price paid in 1920, the taxpayer was on the cash basis and that disposes of the matter. If he had been on an accrual basis the decisions of the Maryland court to which we were referred might have some application. But the fact that title, legal or equitable, passed to the purchaser when the contract was executed in 1919, can not affect the tax liability in this appeal, since the taxpayer did not receive the purchase price as a closed transaction until 1920. Furthermore, the contract was not in evidence for our consideration, and whether it was similar to the contracts commented upon in the Maryland decisions referred to, we have no means for ascertaining. It is sufficient that the taxpayer was upon the cash basis and realized the gain in 1920, when the purchase price was actually received and the deed then delivered.

That the taxpayer gave his share of the income from the trust to his daughter can not affect his taxability. He had a life interest. He made no transfer of that interest. When income was distributable to him, he, as trustee, paid it to his daughter, but it became his income as a beneficiary under the trust before it could be given to his daughter either by himself as an individual or as trustee.

Section 219 of the Acts of 1918 and 1921 is specific. A beneficiary is taxable upon his distributive share whether distributed or not. It is his distributive share even though he tells himself as trustee that he does not want it and as trustee makes a gift of it to his daughter. Naturally, no one could object, since he alone has the right and has individually given consent to himself, as trustee, for the transfer. What the result might be if there had been a valid, enforceable transfer or conveyance to the daughter of the taxpayer's interest in the life estate or the income therefrom, it is not necessary for us to decide, since no such fact appeared in the present appeal.